UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
MICHAEL DENT,                                18-CV-158

                Plaintiff,            <u>CIVIL COMPLAINT</u>

  -against-                                 **PLAINTIFF DEMANDS**
                                                 <u>**TRIAL BY JURY**</u>
METRO-NORTH COMMUTER RAILROAD,

                Defendant.
----------------------------------X

    Plaintiff, complaining of defendant, by his attorneys, The Law Office of Philip P. Vogt, PLLC., respectfully shows to this Court and alleges, upon information and belief:

    **FIRST:** The action herein arises under the Federal Employers' Liability Act, Title 45, United States Code Annotated, §§51-60, as hereinafter more fully appears.

    **SECOND:** At all times herein mentioned, the defendant was a railroad corporation organized and existing under and by virtue of the laws of the State of New York.

    **THIRD:** At all times hereinafter mentioned, the defendant was and still is doing business in the City, County and State of New York.

    **FOURTH:** At all times herein mentioned, the defendant was and now is a common carrier by rail engaged in interstate commerce between different states in the United States.

    **FIFTH:** On February 23, 2015, and for some time prior thereto, plaintiff was in the employ of defendant in the capacity of Traveling Custodian.

    **SIXTH:** On the date of the accident herein plaintiff was working on the sidewalk in front of the Metro-North Yonkers

Station at the corner of Buena Vista Avenue and Dock Street, Yonkers, New York.

**SEVENTH**: On the date aforesaid, plaintiff was working at the place aforesaid which was operated by defendant.

**EIGHTH**: On the date aforesaid, plaintiff was working at the place aforesaid which was leased by defendant.

**NINTH**: On the date aforesaid, plaintiff was working at the place aforesaid which was controlled by defendant.

**TENTH**: On the date aforesaid, while plaintiff was working at the area described in Paragraph "SIXTH" above, he was caused to slip and fall upon snow/ice on the sidewalk and caused to be hurt and injured by and because of the negligence of defendant, its agents, servants and/or employees, and he thereby sustained severe and painful injuries.

**ELEVENTH**: Plaintiff's duties generally in defendant's employ were substantially in furtherance of interstate commerce, and directly, closely and substantially affected such commerce.

**TWELFTH**: At the time of the said accident, plaintiff was engaged in duties for defendant in furtherance of interstate commerce, said duties directly, closely and substantially affecting such commerce.

**THIRTEENTH**: Said occurrence and the injuries resulting therefrom were the result of the negligence of defendant, its agents, servants and employees in the following respects: in that employees of defendant were careless and negligent in the performance of their duties; in that defendant's employees were negligent in the operation and work of defendant's railroad

business; in that defendant maintained its railroad equipment in an improper, defective and dangerous condition; in that defendant failed to provide plaintiff with a safe place in which to work and with safe equipment with which to work; in that employees of defendant failed to take proper precautions to prevent the accident sustained by plaintiff; in that defendant failed to make proper and adequate provision for the safety of plaintiff; in that defendant failed to promulgate and enforce proper and safe rules for the safe conduct of the work and operation of its railroad; in failing to guard against those risks and/or dangers which defendant knew or by the exercise of due care should have known; in failing to exercise reasonable care to provide plaintiff with a safe place to work, reasonably safe conditions in which to work and reasonably safe tools and equipment; in failing to inspect the place of work and work procedure; in failing to exercise reasonable care in assigning this particular task to plaintiff; in failing to consider the plaintiff's particular physical condition before assigning the tasks to him; in negligently instructing the plaintiff to perform tasks with a number of men and/or a procedure or method which would result in injury; in causing, permitting and allowing the aforesaid area to be in a hazardous and dangerous condition; in failing to inspect the area; in failing to properly supervise the area; in failing to warn the plaintiff of the defective condition; in failing to make the area safe for people to traverse and plaintiff in particular; in failing to post any warnings, signs or signals at the premises warning

members of the public, and more particularly the plaintiff herein, of the said dangerous and hazardous conditions; in failing to erect barriers, barricades or guards around the hazardous area so as to protect the public in general and the plaintiff in particular; in failing to give the plaintiff any warnings or signals of the dangerous conditions which existed; in allowing the area to be, become and remain in a dangerous condition; in failing to timely and safely remedy the dangerous condition; in causing, permitting and allowing a nuisance to be, become and remain at the subject location; in failing to abate a nuisance; in that the defendants had a duty to maintain the area in a safe condition; in allowing the said area to remain in a defective, dangerous and hazardous condition; in causing, permitting and allowing the aforementioned area to be in a dangerous and hazardous condition for a period of time in which it had notice and knowledge, actual and/or constructive of the condition; in causing and permitting the area to exist in an unclean, dangerous and hazardous condition so that pedestrians were liable to slip and/or fall; in allowing the area to be, become and remain unsafe; in failing to timely shovel, sweep and/or apply salt or sand to said area so as to keep it free of water/snow/ice/slush; in failing to properly maintain and inspect the aforesaid location when the defendant knew or should have known that same was in a defective and/or dangerous condition; in failing to take precautions to prevent the accident herein; in causing, permitting and allowing water to collect and pool at the subject location; in causing, permitting

and allowing said water to freeze at the subject location; in failing to timely shovel, sweep and/or apply salt or sand to said area so as to keep it free of water/snow/ice/slush; in causing, allowing, suffering and or permitting the melting and refreezing of the snow and ice; in failing to properly maintain and inspect the aforesaid location when the defendant knew or should have known that same was in a defective and/or dangerous condition; in failing to take precautions to prevent the accident herein; in causing, permitting and allowing water to collect and pool at the subject location; in causing, permitting and allowing said water to freeze at the subject location; in causing, permitting and allowing said icy condition to remain at said location; in violating its own safety rules and regulations including General Safety instructions sections 100.0 (4) (failing to keep work area, and facilities clean, orderly and free of unprotected hazards), 200.1 (failing to warn co-workers of unsafe conditions), 200.2 (failing to warn employees of unusual hazards, personally and continuously supervise work), and accustomed practice in the industry; 29 CFR Sections 1910.22(a)(1) in failing to keep the walking surface clean, orderly and in sanitary condition; 1910.22 (c) provide, and ensure each employee uses, a safe means of access and egress to and from walking-working surfaces; 1910.22 (d) Walking-working surfaces are inspected, regularly and as necessary, and maintained in a safe condition; (2) Hazardous conditions on walking-working surfaces are corrected or repaired before an employee uses the walking-working surface again. If the

correction or repair cannot be made immediately, the hazard must be guarded to prevent employees from using the walking-working surface until the hazard is corrected or repaired; Section 1926.20 in failing to perform adequate inspection of the job site; 1926.21(b)(2) in failing to instruct the plaintiff in the recognition and avoidance of unsafe conditions; 1926.34 in failing to arrange and maintain said station so as to provide free and unobstructed egress at all times; in causing, permitting and allowing said icy condition to remain at said location; that said dangerous condition was a recurrent condition of which the defendant knew, or by the exercise of reasonable care should have been aware of; in failing to correct a recurrent dangerous condition; in causing the plaintiff to fall and sustain serious injuries; in violating its own safety rules and regulations and accustomed practice in the industry; and in failing to avoid causing serious injuries to the plaintiff and it was otherwise negligent therein.

**FOURTEENTH:** Said accident and the injuries resulting therefrom were due wholly and solely to the negligence of defendant, its agents, servants and employees, and the defects in defendant's property and equipment as aforesaid, without any fault or negligence on the part of plaintiff contributing thereto.

**FIFTEENTH:** By reason of the premises, plaintiff was severely and seriously injured; suffered and will continue in the future to suffer pain and injury; has become sick, sore, lamb and disabled, and will be permanently injured; has lost and

will lose in the future sums of money which he otherwise would have earned; has been compelled to spend sums of money and incur such expenses in the future.

**SIXTEENTH:** As a result of the aforesaid, plaintiff MICHAEL DENT, was caused to sustain serious personal injuries and be damaged in an amount that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction in this matter.

**SEVENTEENTH:** Pursuant to Federal Rules of Civil Procedure Rule 38, plaintiff hereby demands a trial by jury in the above-captioned action of all issues triable by jury.

**WHEREFORE,** plaintiff demands judgment against the defendant, for each cause of action, in an amount that exceeds the minimum jurisdictional requirement of this court, all together with the costs and disbursements of this action.

Dated: New York, New York
       January 3, 2018

                              Respectfully submitted,

                              LAW OFFICE OF PHILIP P. VOGT, PLLC
                              Attorneys for Plaintiff

                              By: _____
                                  Philip P. Vogt (PPV0377)
                                  5 Penn Plaza
                                  23rd Floor
                                  New York, NY 10001
                                  (212) 835-1640
                                  philippvogt@pvogtlaw.com